The Honorable John E. Brown State Senator 17900 Ridgeway Drive Siloam Springs, AR 72761-8866
Dear Senator Brown:
This is in response to your request for an opinion on the following question:
 Are individual tenant files maintained by the Siloam Springs Housing Authority subject to the Arkansas Freedom of Information Act for copying and review by third parties upon request?
It is noted in correspondence attached to your request that as part of its management duties, the Siloam Springs Housing Authority ("Housing Authority") maintains a file on each tenant, and that the files contain private information about the tenant, such as income and financial information and family composition. It is stated that the file also contains information when any complaint is filed against a tenant such as loud noise or technical violations of the rental contracts.
RESPONSE
It is my opinion that records maintained by the Siloam Springs Housing Authority, including files maintained on tenants as part of the Housing Authority's management duties, generally constitute "public records" under the Freedom of Information Act ("FOIA"). See A.C.A. § 25-19-103(1) (Repl. 1996) (defining "public records" under the FOIA and providing that "[a]ll records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records[;]") and A.C.A. § 14-169-207(a) (Repl. 1998) (creating a housing authority in each city and county as a "public body corporate and politic. . . .") I cannot come to a definitive conclusion regarding the release of particular records without reviewing the actual records in question. Unless a specific exemption applies, however, under either state or federal law, or unless release of the records would violate a constitutionally protected right to privacy, it is my opinion that tenant files will, as a general matter, be subject to inspection and copying under the FOIA.
My conclusion regarding the general status of the "tenant files" (as referenced in your question) as public records under the FOIA follows primarily from the assumption that these records "constitute a record of the performance or lack of performance of official functions. . . ." A.C.A. § 25-19-103(1). Such tenant information as income and financial information and family composition is presumably gathered pursuant to the Housing Authority's duties with respect to rentals and tenant selection under the Housing Authorities Act. See A.C.A. § 14-169-237 (Repl. 1998). Records of complaints filed against tenants are also presumably maintained as part of the Authority's official powers and duties. Thus, in my opinion, the question regarding the release of such records likely focuses on the applicability of any exemption from disclosure.
Again, not having reviewed the records, I cannot make any conclusive determination regarding any exemption. The exemptions under the FOIA are set forth in A.C.A. § 25-19-105 (Repl. 1999). This includes the FOIA's catchall for "laws specifically enacted to provide otherwise." A.C.A. §25-9-105(a).[1] I have been provided no facts compelling the conclusion that an exemption applies in this instance to prevent disclosure of the tenant files. The custodian of the files should, however, review the particular records in light of § 25-19-105 to make the final decision. The exemption for "state income tax records" under subsection (b)(1) perhaps merits mention in light of your statement that the tenant files contain income and financial information. See also A.C.A. § 26-51-813 (regarding confidentiality of income tax reports or returns). If the records in question in fact contain the tenants' state income tax withholding information, § 25-19-105(b)(1) will likely apply to prevent disclosure.See generally Op. Att'y Gen. 91-093. The mere fact that the files contain information pertaining to the tenants' income or other financial information is not, however, a sufficient basis for concluding that this exemption applies.
It should perhaps be noted, finally, that the right to privacy developed under the U.S. Constitution (see Whalen v. Roe, 429 U.S. 589 (1977)) can apply in some instances to prevent disclosure of records that would otherwise be open to public inspection under the Arkansas FOIA.[2]See, e.g., McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989). To be protected, the privacy interest at issue must be of an extremely personal nature. Id. The court in McCambridge held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure. The test for determining whether the release of documents would violate a constitutionally protected right to privacy is "similar to that used in connection with the FOIA exemption for personnel records. . . ." See J. Watkins, The Arkansas Freedom ofInformation Act 170 (3d ed. 1994).
Application of this constitutional right to privacy requires a case-by-case review. Whether release of particular records would constitute an unconstitutional invasion of privacy can only be conclusively determined with reference to individual facts and circumstances. According to one commentator, the court is not willing to apply this privacy right expansively. The Arkansas Freedom of InformationAct, supra at 156. With regard to the tenant files in issue, it may well be that the personal financial information and the information regarding family composition are sufficiently private in nature to meet the initial three-part test (see above) for "personal matters." McCambridge, supra,298 Ark. at 229-230. When considering the public's interest in disclosure as opposed to the individual's interest in nondisclosure, however, I believe it is unlikely that the scale would tip in favor of nondisclosure. As noted above, the financial information and the family composition information is presumably gathered pursuant to the Housing Authority's duties with respect to rentals and tenant selection under the Housing Authorities Act. See A.C.A. § 14-169-237 (Repl. 1998). Only person of low income may rent from a housing authority. Id. at subsections (1) and (4). Additionally, the number of minor dependents is a factor in computing the rental. Id. While the particular files would of course have to be considered in order to conclusively resolve the issue, it seems clear as a general matter that there is a legitimate public interest in information pertaining to tenant income and family composition. It may reasonably be concluded that the public has a right to review that information necessary to effectively evaluate the operation or management of housing projects. This follows from the FOIA's purpose and policy, i.e., "that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity. . . ." A.C.A. § 25-10-102. Unless facts of which I am unaware would indicate otherwise, therefore, it is my conclusion that as a general matter a constitutional privacy claim would likely fail to withstand scrutiny.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:eaw/cyh
[1] A federal law may be a law "specifically enacted to provide otherwise." The records' custodian must therefore consider the possible applicability of an exemption under federal law. I lack sufficient information to address this issue, and must also note that questions of federal law ordinarily fall outside the limited scope of an opinion from this office. I suggest, however, that the federal Department of Housing and Urban Development (HUD) be contacted to obtain guidance in this regard.
[2] There is no generally applicable privacy exemption under the Arkansas FOIA.